WOOD CORPORATION OF DELAWARE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39464. Promulgated April 10, 1931.

*Raymond H. Berry, Esq.,* and *Arthur Wood, Esq.,* for the petitioner.

*Arthur Carnduff, Esq.,* for the respondent.

1184

OPINION.

VAN FOSSAN: In its tax returns petitioner claims deductions for the depreciation or exhaustion of certain patents. Respondent dis-

allowed these deductions and restored the same to income on the ground that taxpayer was not entitled to a higher cost or value for depreciation than was available to the individual owner of the patents prior to incorporation, control of 80 per cent or more of the stock remaining in the same parties.

The statutory provisions of the Revenue Acts of 1924 and 1926 pertinent to the discussion are as follows:

Section 204 (c), which reads in part:

The basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property * * *.

Section 204 (a), which provides:

The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that * * *.

Section 204 (a) (8), which reads:

If the property (other than stock or securities in a corporation a party to a reorganization) was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made; * * *.

And section 203 (b) (4), referred to in section 204 (a) (8):

No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

The term "control" as used in section 203 (b) (4) is defined in section 203 (i) as meaning the ownership of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

Petitioner contends that it does not fall within section 204 (a) (8) and that it is entitled to use as a basis for depreciation a cost of $901,000.

In this case a stipulation of facts was filed which reserved the right of either party to submit additional testimony at the hearing.

The only additional testimony related to the value of the patents in July, 1924, on which date we have found as a fact that the patents had a value of at least $901,000.

Practically speaking, therefore, we have before us as a basis of our consideration of the case only the stipulation. From this stipulation we find that " prior to the year 1924 " Wood was the owner of certain patents which had cost him only a nominal amount. There is no evidence as to the ownership of the patents in July, 1924, the date of the organization of petitioner corporation. During July, 1924, the petitioner corporation issued to Wood common stock of a par value of $631,000 and to his wife common stock of a par value of $270,000. It is not stipulated, nor does it anywhere appear, that the stock was issued in payment for the patents. The stipulation proceeds as follows, " after said exchange said Garfield Wood and his wife were in control of said corporation." If it be assumed that the word "exchange" imports that the patents were exchanged for the stock, it should be observed that the word " exchange " seems to apply equally to all stock, both that issued to Wood and that issued to his wife.

Although the stipulation fails to indicate specifically that Mrs. Wood owned any share in the patents, and does not explain why the stock was issued to her or whether she held it in her own right or merely as a nominee of Wood, from a later stipulation that " at the time of said exchange the petitioner corporation owned no assets of any substantial value except said patents," it would seem to follow that Mrs. Wood, to whom more than one-fourth of the outstanding stock was issued, must have owned an interest in the patents which she transferred in exchange for her stock. If this be the fact, then the respondent's position that the same parties were in control after incorporation as before, and that the case falls under section 204 (a) (8), is unassailable. If Mrs. Wood held as a nominee of Wood, the same conclusion would obtain.

In our opinion the evidence is so meager as to make impossible the formation of a conclusion as to the precise situation. The adequate presentation of the pertinent facts is the burden assumed by the petitioner in this case. A decision favorable to its contentions can not rest on assumption or speculation. It must rest on facts.

We have no alternative but to hold that petitioner has not proved respondent's determination to be in error.

*Judgment will be entered for the respondent.*